UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>OAHU AIR CONDITIONING SERVICE, INC. dba OAHU AIR CONDITIONING CO., et al.,<br><br>Defendants. | No. 2:13-cv-01378-WBS-AC<br><br><br><br>ORDER |

This matter is before the court on plaintiff Carolina Casualty Insurance Company's ("plaintiff") September 3, 2014 ex parte application for an order shortening time in which to hear its motion for deposition protective order. ECF No. 70. On September 4, 2014, defendant Pacific Commercial Services, LLC ("Pacific") opposed the motion to shorten time. ECF No. 73. On September 5, 2014, defendant Oahu Air Conditioning Service, Inc. filed a notice of joinder to Pacific's opposition. ECF No. 74. On September 5, 2014 plaintiff filed a response to Pacific's opposition. ECF No. 75. On September 9, 2014, third-party defendant Clean Harbors Environmental Services, Inc. filed a statement regarding plaintiff's application. ECF No. 76.

In the instant ex parte application, plaintiff seeks an order shortening time for the court to hear its motion for a deposition protective order and to coordinate deposition scheduling. ECF No. 70. Plaintiff argues a hearing on shortened time is "necessary because [Pacific] has not

1

agreed to stipulate to" a number of depositions.  Id. at 2.  The court has considered the parties' arguments and now DENIES plaintiff's ex parte application.

Local Rule 144(e) states:

> **Shortening Time.** Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action. Stipulations for the issuance of an order shortening time require the approval of the Judge or Magistrate Judge on whose calendar the matter is to be heard before such stipulations are given effect. Any proposed order shortening time shall include blanks for the Court to designate a time and date for the hearing and for the filing of any response to the motion.

"Ex parte motions are rarely justified." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995).  To justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. . . . [and] it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492.

Here, plaintiff's application is procedurally defective.  First, plaintiff has failed to set forth a "satisfactory explanation for the need for the issuance of such an order." Id.  Notwithstanding plaintiff's assertion a deposition schedule cannot be reached by the parties, nothing in plaintiff's application suggests the need for an order shortening time.  Nor can the court say plaintiff's cause will be irreparably prejudiced if its motion for a deposition protective order is not heard on a shortened schedule.  Considering the discovery deadline is not until July 2015, *see* ECF No. 47 at 3, any discovery dispute between the parties can certainly be heard according to the court's regularly noticed motion schedule.

Second, applications to shorten time will not be granted absent an adequate explanation regarding the "failure of counsel to obtain a stipulation." L.R. 144(e).  Plaintiff's counsel explained at length the failure to obtain deposition schedules.  However, other than counsel's bare assertion Pacific "has not agreed to a hearing of this matter on shortened time," plaintiff has not

1 adequately explained the failure to obtain a stipulation. ECF No. 70-1 at 4. Indeed, the only
2 relevant communication regarding the instant application the court can glean from the numerous
3 and duplicative communications provided by the parties is an August 20, 2014 e-mail from Mr.
4 Tate to Ms. Habib and Mr. Johnson, which states in part "we respectfully request that you agree
5 that the Court make a deposition schedule for the deposition of PCS, Oahu and CCIC." ECF No.
6 70-1 at 20. While it appears Mr. Johnson acknowledged an intent to bring this matter before the
7 court, see id. at 25–26, this response hardly suggests an effort to obtain a stipulation from all
8 parties for an order shortening time. This conclusion is further bolstered by Pacific's opposition,
9 which states the first it learned of plaintiff's application for an order shortening time was when it
10 was filed with the court. ECF No. 73 at 2, 11.

11      Finally, as emphasized by the court during the September 10, 2014 hearing on Pacific's
12 motion to compel, the court expects the parties to maximize civility, cooperation, communication
13 and cost containment when addressing discovery matters. While the court understands discovery
14 disputes may inevitably arise, it is hesitant to micromanage the parties' discovery efforts or
15 address matters the parties have failed to make a meaningful effort to resolve.

16      For these reasons, plaintiff's ex parte application for an order shortening time is denied.
17      IT IS SO ORDERED.
18 Dated: September 11, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3