1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   CAROLINA CASUALTY INSURANCE          No.  2:13-cv-01378-WBS-AC
     COMPANY,
12
                      Plaintiff,
13
          v.
14                                         ORDER

     OAHU AIR CONDITIONING SERVICE,
15   INC. dba OAHU AIR CONDITIONING
     CO., et al.,
16
                      Defendants.
17

18

19          On September 10, 2014, the court heard oral argument on defendant Pacific Commercial

20   Services, LLC's ("Pacific") motion to compel.  David Tate appeared for plaintiff Carolina

21   Casualty Insurance Company's ("plaintiff"); Page Perry appeared for defendant Oahu Air

22   Conditioning Service, Inc. ("Oahu"); and Christopher Johnson appeared for Pacific.  After

23   carefully considering the parties' papers and arguments, Pacific's motion to compel is

24   GRANTED IN PART and DENIED IN PART.

25   I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

26          The court's prior order on Pacific's motion to dismiss provides the relevant factual

27   background giving of this action:

28          In October 2010, plaintiff issued an insurance policy to Smith, a

                                              1

transportation company that specializes in transporting hazardous waste to disposal sites. (FAC ¶ 9.) In July 2011, Smith transported a trailer loaded with hazardous material from San Jose, California to a waste disposal site in Sacramento, California. (Id. ¶ 11.) After Smith delivered the trailer, the Sacramento Police Department was called to the disposal site because the trailer was observed emitting white smoke. (Id. ¶ 12.) After several hours, an active fire broke out and completely engulfed the trailer. (Id.) A subsequent investigation revealed that the trailer contained refrigerator waste oil that Oahu had shipped to California for disposal, and that the fire resulted in the release of hazardous vapors and contaminated water runoff into the environment. (Id. ¶ 13.)

As a result of this incident, a number of claimants issued Smith notices of violation and demanded that it pay for the cleanup of the hazardous waste spill from the trailer. (Id. ¶ 22.) Pursuant to Smith's insurance policy, which required plaintiff to provide a defense and indemnify Smith from any claims resulting from a hazardous waste spill, plaintiff settled and paid upon numerous claims brought against plaintiff by several claimants, including the City of Sacramento, the County of Sacramento, and Clean Harbor Environmental Services. (Id. ¶¶ 23-24.) In addition, plaintiff reimbursed Smith for its cleanup expenses and indemnified it against additional personal injury damages. (Id. ¶ 25.)

Plaintiff alleges that defendants were involved in the supply, packing, and transportation of the refrigerator waste oil that Smith transported to Sacramento. (Id. ¶¶ 17-21.) As a result, plaintiff and Smith issued a claim and demand to defendants for reimbursement of the payments plaintiff incurred as a result of the hazardous waste spill. (Id. ¶ 26.) Defendants did not pay. (Id.)

Plaintiff then brought this action seeking: (1) subrogation pursuant to Section 112(c) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9612(c); (2) contribution pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f); (3) contribution and/or indemnity pursuant to the Hazardous Substance Account Act ("HSAA"), Cal. Health & Safety Code § 25363; (4) equitable indemnity under California common law; (5) allocation and apportionment of fault under California common law; (6) contribution under California common law; and (7) subrogation under California common law. (Docket No. 7.)

ECF No. 22 at 2–3.

## II.   LEGAL STANDARDS

### A.   Requests for Admissions

Rule 36(a) of the Federal Rules of Civil Procedure provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of

2

1  law to fact, or opinions about either; and (B) the genuineness of any
   described documents.

2

3  Fed. R. Civ. P. 36(a)(1).  The purpose of requests for admission is to narrow the issues for trial by

4  identifying and eliminating those matters on which the parties agree.  Safeco of Am. v. Rawstron,

5  181 F.R.D. 441, 443 (C.D. Cal. 1998).  A matter is deemed admitted unless the responding party

6  serves a written answer or objection within thirty days of service of the request.  Fed. R. Civ. P.

7  36(a)(3).  If an objection is made in place of an admission or denial, the responding party must

8  state the reasons for the objection.  Fed. R. Civ. P. 36(a)(5).  If the court finds an objection is not

9  justified, "it must order that an answer be served."  Fed. R. Civ. P. 36(a)(6).  "On a finding that an

10 answer does not comply with [Rule 36], the court may order either that the matter is admitted or

11 that an amended answer be served."  Id.

12        "Parties may not view requests for admission as a mere procedural exercise requiring

13 minimally acceptable conduct.  They should focus on the goal of the Rules, full and efficient

14 discovery, not evasion and word play."  Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir.

15 1994) (citation omitted).  "[A] party who is unable to agree with the exact wording of the request

16 for admission should agree to an alternate wording or stipulation."  U.S. ex rel. Englund v. L.A.

17 Cnty., 235 F.R.D. 675, 684 (E.D. Cal. 2006) (citing Marchand, 22 F.3d at 938).  "Instead of

18 admitting or denying the request for admission, a party may respond by claiming inability (lack of

19 sufficient information) to admit or deny the matter stated in the request . . . [b]ut a party

20 responding in this manner must also state that he or she has made 'reasonable inquiry and that the

21 information known or readily obtainable by the party is insufficient to enable the party to admit or

22 deny.'"  Englund, 235 F.R.D. at 684 (quoting Fed. R. Div. P. 36(a)).

23        Finally, it is not ground for objection that the request is
          "ambiguous" unless so ambiguous that the responding party cannot,
24        in good faith, frame an intelligent reply. Parties should "admit to
          the fullest extent possible, and explain in detail why other portions
25        of a request may not be admitted." Failure to do so may result in
          sanctions.

26

27 Id. at 685 (citing Marchand, 22 F.3d at 938).

28 ////

                                    3

1

     **B.**     **Interrogatories**

2

     Under the Federal Rules of Civil Procedure, interrogatories must be "answered separately

3 and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A party is obligated to respond to the

4 fullest extent possible and state any objections with specificity. Fed. R. Civ. P. 33(b)(3), (b)(4).

5 While extensive research is not required, a reasonable effort to respond must be made. L.H. v.

6 Schwarzenegger, No. S–06–2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007).

7 In a motion to compel, the moving party bears the burden of showing why the other party's

8 responses are inadequate or their objections unjustified. See Williams v. Cate, No. 1:09–cv–

9 00468 LJO JLT PC, 2011 WL 6217378, at *1 (E.D. Cal. Dec.14, 2011) (citing Ellis v. Cambra,

10 No. 1:02–cv–05646–AWI–SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008)). A

11 district court has broad discretion in deciding whether to require answers to interrogatories. See

12 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE & PROCEDURE § 2176 at 311 & n. 1 (Civil

13 2d ed. 1994).

14 **III.**     **DISCUSSION**

15

     As a threshold matter, the court notes that the parties' joint statement does not fully

16 comply with Local Rule 251(c) because it fails to reproduce in full each specific request objected

17 to and the objection thereto; or to include "respective arguments and supporting authorities of the

18 parties . . . set forth immediately following each such objection." L.R. 251(c). Nevertheless,

19 objections and the parties' respective arguments and supporting authorities are summarized to the

20 extent the court can understand which requests and interrogatory responses Pacific seeks to put in

21 issue.

22

     On June 6, 2014, Pacific served the requests for admissions and interrogatories at issue on

23 plaintiff. Johnson Decl. Exs. A–B, ECF No. 69-1. On July 18, 2014, plaintiff served its

24 responses. Id. Exs. C–D.

25

     The parties exchanged correspondence regarding the discovery dispute beginning on

26 August 4, 2014. See id. Ex. E. On August 8, 2014, plaintiff's counsel indicated it would provide

27 amended responses to the disputed requests. Id. Ex. F; see also id. Exs. G–H (subsequent

28 correspondence between the parties).

1    On August 15, 2014, Pacific filed the instant motion to compel.  ECF No. 68.  On August

2    22, 2014, plaintiff amended its responses to the request for admissions and interrogatories.  Tate

3    Decl. Exs. A–B, ECF No. 71.  On September 3, 2014, the parties filed their joint statement

4    regarding the discovery dispute.  ECF No. 69.

5    **A.    Requests for Admissions Numbers 7–15**

6    Pacific asks the court to deem request numbers 7–15 admitted because plaintiff failed to

7    answer each request and offered no facts to support its claims.  ECF No. 69 at 15.  Pacific argues

8    under Rule 36(a)(4) of the Federal Rules of Civil Procedure "[i]f a matter is not admitted, the

9    answer must specifically deny it or state in detail why the answering party cannot truthfully admit

10   or deny it" and plaintiff "refused to respond" to each of the requests at issue.  Id. at 15–16.

11   Pacific argues "[p]laintiff's response[s] reflect[] an unwillingness to take a position on any factual

12   issues, unnecessarily prolonging the litigation and violating the purpose of" Rule 36.  Id. at 16.

13   Further, Pacific argues plaintiff waived any objection to the term "drum" as used in some of the

14   requests because plaintiff failed to object to the term as vague or ambiguous.  Id. at 17.

15   In opposition, plaintiff argues it amended its responses to request numbers 7–15 on

16   August 22, 2014 during the parties' meet and confer.  ECF No. 69 at 27, 30–34; see also Tate

17   Decl. Ex. A.  Plaintiff further argues there is "no legal authority or factual justification for" the

18   court to deem its responses to request numbers 7–15 admitted.  Id. at 34.

19   With regard to whether the court should deem the responses admitted, Pacific further

20   argues plaintiff cannot withdraw or amend its "deemed" admissions.  ECF No. 69 at 17.  Pacific

21   posits that "[a]lthough [p]laintiff did not raise the issue during the meet and confer, it may attempt

22   to argue that it would be entitled to amend or withdraw the 'deemed' admissions, upon a showing

23   that the admissions would subserve the presentation of the merits, and that withdrawal would not

24   prejudice" defendant."  Id. at 17–19.

25   The court questioned Pacific during the hearing on whether some of the issues in its

26   motion to compel are moot in light of plaintiff's August 22, 2014 amended discovery responses.

27   Pacific conceded request for admission numbers 10 and 15 are mooted by plaintiff's amended

28   responses.  Accordingly, the court DENIES Pacific's motion to compel responses to request

numbers 10 and 15 as moot and will not deem the responses admitted or order a further response.

Each remaining request will be addressed in turn below.

### 1.   Request For Admission Nos. 7–8

**Request No. 7:**  Admit that PCS is not the "owner and operator" of the ELDER CREEK YARD, as those terms are used in CERCLA §107(a)(1), 42 U.S.C. §9607(a)(1).

**Request No. 8:**  Admit that PCS is not a person who "arranged for disposal or treatment" or any waste at the ELDER CREEK YARD, as those terms are used in CERCLA §107(a)(1), 42 U.S.C. §9607(a)(1).

Johnson Decl. Ex. C.

**Response to Request Nos. 7 and 8:**   Objection: compound; misleading and misstates the law; and exceeds the scope of discovery and seeks an admission that is not relevant to a claim or defense of any party and not relevant to the subject matter involved in the action.  Further, discovery is continuing, there have not been full document productions and depositions have not been taken.  The INCIDENT occurred at the Elder Creek yard location as the materials were in transport or transit from Oahu Air Conditioning and PCS in Hawaii to Utah for disposal.

Id.

**Ruling:**

Here, Pacific argues request numbers 7 and 8 are relevant to the action because they address Pacific's "potential exposure under three of the four categories of CERCLA liability, by establishing that [Pacific] is not the owner or operator of the holding yard where the fire occurred, and that [Pacific] did not arrange for disposal of waste at that holding yard."  ECF No. 69 at 16.

Plaintiff disputes Pacific's argument whether Pacific is the owner or operator of the Elder Creek Yard is relevant for discovery purposes.  ECF No. 69 at 35.  Plaintiff also contends it sufficiently amended its response to request numbers 7 and 8, see ECF No. 69 at 30–31; however, the amended responses simply delete the last sentence of each response.  Id.

Pacific's motion to compel is GRANTED.  Under liberal discovery rules, the court finds Pacific has demonstrated these requests for admissions may be relevant to the subject matter of the case.  Plaintiff's amended response to request numbers 7 and 8 that discovery is continuing is insufficient.  To the extent plaintiff cannot truthfully admit or deny the requests, plaintiff must

1   "state in detail why [it] cannot truthfully admit or deny [them]."  Fed. R. Civ. P. 36(a)(3).

2   Plaintiff makes no specific showing why it cannot truthfully admit or deny the requests other than

3   its conclusory statement that "discovery is continuing" and "there have not been full document

4   productions and depositions have not been taken."  Accordingly, plaintiff shall respond by either

5   admitting or denying request numbers 7 and 8 or stating in detail why it cannot truthfully admit or

6   deny them.

7                    **2.      Request for Admission No. 9**

8            **Request:**  Admit that PCS did not generate the liquid inside the
             DRUM.
9
             **Response:**   Objection: the request for admission indicates that
10           DRUM has a special definition, but Propounding Party does not
             provide that definition; vague and ambiguous as to how
11           Propounding Party defines or intends to define the term "generate";
             misleading and misstates the law; and exceeds the scope of
12           discovery and seeks an admission that is not relevant to a claim or
             defense of any party and not relevant to the subject matter involved
13           in the action. Further, discovery is continuing, there have not been
             full document productions and depositions have not been taken.
14

15   Johnson Decl. Ex. C.

16           **Amended   Response:**    Objection:  the request for admission
             indicates that DRUM has a special definition which Propounding
17           Party does not provide in its Requests for Admissions; and vague
             and ambiguous as to how Propounding Party defines or intends to
18           define the term "generate". Further, discovery is continuing, there
             have not been full document productions and depositions have not
19           been taken.

20           Through   meet and confer Propounding Party has defined the
             DRUM to be the container that held the refrigerator oil which is at
21           issue in this case.

22           Without waiving the objections stated, Responding Party responds
             as follows: denied.
23

24   Tate Decl. Ex. A.

25           **Ruling:**

26       Pacific's argument with regard to request number 9 is that plaintiff's "sole excuse for

27   failing to answer . . . was the omission of a definition for the 'drum.'"  ECF No. 69 at 16–17.

28   Pacific concludes "[p]laintiff's conduct supports a determination" that request numbers 9 through

15 be deemed admitted. Id. at 17.

Pacific's motion to compel is DENIED.  In light of plaintiff's amended response explicitly denying the request for admission, the court will not deem the response admitted or order a further response.[1]

### 3.     Request for Admission No. 11

**Request:**  Admit that the DRUM contained less than 50 gallons of liquid.

**Response:**   Objection: the request for admission indicates that DRUM has a special definition, but Propounding Party does not provide that definition. Further, discovery is continuing, there have not been full document productions and depositions have not been taken.

Johnson Decl. Ex. C.

**Amended Response:**   Objection: the request for admission indicates that DRUM has a special definition which Propounding Party does not provide in its Requests tor Admissions. Further, discovery is continuing, there have not been full document productions and depositions have not been taken.

Through meet and confer Propounding Party has defined the DRUM to be the container that held the refrigerator oil which is at issue in this case.

Without waiving the objections stated, Responding Party responds as follows: after having made a reasonable inquiry the information that Responding Party currently knows or can readily obtain is insufficient to enable Responding Party to admit or deny this request, and accordingly on that basis Responding Party does not

---

[1] Pacific argues plaintiff "may attempt to argue that it would be entitled to amend or withdraw the 'deemed' admissions, upon a showing that the admissions would subserve the presentation of the merits." ECF No. 69 at 17–19.  While Pacific is not entirely clear regarding this argument, it appears it is trying to address the fact plaintiff that amended its responses before the court heard the motion to compel.  See, e.g., Fed. R. Civ. P. 36(b) (Once admitted due to (1) a complete failure to respond, (2) untimeliness, or (3) insufficiency, an admission cannot be amended or withdrawn except by leave of court.); see also 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985).  Because the court did not "deem" the requests admitted before plaintiff amended its responses, this argument is misplaced.  Pacific has presented no authority that supports ignoring plaintiff's amended responses.  In fact, Pacific's portion of the joint statement did not even address the fact that plaintiff had amended its responses nearly two weeks before the joint statement was filed.  As noted, some of the amended responses remain insufficient.  However, to the extent they explicitly admit or deny a request for admission, the court is unaware of any authority supporting a ruling that the amended responses should be ignored entirely.  Rather, a court may ignore amended responses and rely solely on initial responses "as the Court deems just."  Ford v. Wildey, No. 1:10–cv–01024–LJO–SAB (PC), 2014 WL 2619595, at *5 n.4 (E.D. Cal. June 6, 2014).

admit or deny this request.

Tate Decl. Ex. A.

**Ruling:**

Pacific's argument with regard to request number 11 is that plaintiff's "sole excuse for failing to answer . . . was the omission of a definition for the 'drum.'" ECF No. 69 at 16–17.

Pacific's motion to compel is GRANTED.  While plaintiff amended its responses to explain it cannot admit or deny this request "after having made a reasonable inquiry," plaintiff fails to set forth any detail as to the nature of the "reasonable inquiry" it made to amend its response to request number 11.  See Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) ("We are not persuaded that an answer to a request for admission necessarily complies with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him."); see also Englund, 235 F.R.D at 685 (Explaining "[t]he responding party's simple statement that he or she has made a 'reasonable' inquiry and is unable to admit or deny the request because insufficient information is available may not suffice as an answer to the request for admission."); A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 256–57 (C.D. Cal. 2006).  Accordingly, plaintiff shall respond by either admitting or denying request number 11 or stating in detail the nature of the "reasonable inquiry" it made.

### 4.      Request for Admission No. 12

**Request:**   Admit that PCS did not select the ELDER CREEK YARD as the site for disposal of the DRUM.

**Response:**   Objection: the request for admission indicates that DRUM has a special definition, but Propounding Party does not provide that definition; misleading and misstates the law and evidence; and exceeds the scope of discovery and seeks an admission that is not relevant to a claim or defense of any party and not relevant to the subject matter involved in the action. Further, discovery is continuing, there have not been full document productions and depositions have not been taken.

The INCIDENT occurred at the Elder Creek yard location as the materials were in transport or transit from Oahu Air Conditioning and PCS in Hawaii to Utah for disposal.

Johnson Decl. Ex. C.

**Amended Response:** Objection: the request for admission indicates that DRUM has a special definition, but Propounding Party does not provide that definition (through meet and confer Propounding Party has defined the DRUM to be the container that held the refrigerator oil which is at issue in this ease); misleading and misstates the law and evidence; assumes and misstates facts; within the terms and definitions if CERCLA is not comprehendible; and exceeds the scope of discovery and seeks an admission that is not relevant to a claim or defense of any party and not relevant to the subject matter involved in the action. Further, discovery is continuing, there have not been full document productions and depositions have not been taken.

Tate Decl. Ex. A.

    **Ruling:**

    Pacific's motion to compel is GRANTED. Plaintiff's amended response to request number 12, relying on the ongoing status of discovery, is insufficient. To the extent plaintiff cannot truthfully admit or deny the request, plaintiff must "state in detail why [it] cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(3). Plaintiff makes no specific showing why it cannot truthfully admit or deny the request other than its conclusory statement that "discovery is continuing" and "there have not been full document productions and depositions have not been taken." Tate Decl. Ex. A. Accordingly, plaintiff shall respond by either admitting or denying request number 12 or stating in detail why it cannot truthfully admit or deny it.

    **5.    Request for Admission No. 13**

**Request:** Admit that PCS did have any contact with the DRUM after it was loaded onto the Matson vessel "Manoa."

**Response:** Objection: the request for admission indicates that DRUM has a special definition, but Propounding Party does not provide that definition; vague and ambiguous as to the term "contact." Further, discovery is continuing, there have not been full document productions and depositions have not been taken.

Johnson Decl. Ex. C.

**Amended Response:** Objection: the request for admission indicates that DRUM has a special definition which Propounding Party does not provide in its Requests for Admissions. Further, discovery is continuing, there have not been full document productions and depositions have not been taken.

    Through meet and confer Propounding Party has defined the

1    DRUM to be the container that held the refrigerator oil which is at
2    issue in this case.

3    Without waiving the objections stated, Responding Party responds
     as follows: after having made a reasonable inquiry the information
4    that Responding Party currently knows or can readily obtain is
     insufficient to enable Responding Party to admit or deny this
5    request, and accordingly on that basis Responding Party does not
     admit or deny this request.

6  Tate Decl. Ex. A.

7         **Ruling:**

8         Pacific's argument with regard to request number 13 is that plaintiff's "sole excuse for

9  failing to answer . . . was the omission of a definition for the 'drum.'"  ECF No. 69 at 16–17.

10        Pacific's motion to compel is GRANTED.  While plaintiff amended its responses to

11 explain it cannot admit or deny this request "after having made a reasonable inquiry," plaintiff

12 fails to set forth in detail the nature of the "reasonable inquiry" it made to amend its response to

13 request number 11.  Asea, 669 F.2d at 1246.  Accordingly, plaintiff shall respond by either

14 admitting or denying request number 13 or stating in detail the nature of the "reasonable inquiry"

15 it made.

16        **6.    Request for Admission No. 14**

17   **Request:**    Admit that SST had the opportunity to inspect the
     DRUM before it was loaded onto the TRAILER.
18
     **Response:**    Objection: the request for admission indicates that
19   DRUM has a special definition, but Propounding Party does not
     provide that definition; vague and ambiguous as to the definitions
20   of the terms "opportunity" and "inspect." Further, discovery is
     continuing, there have not been full document productions and
21   depositions have not been taken.

22 Johnson Decl. Ex. C.

23   **Amended Response:**    Objection: the request for admission
     indicates that DRUM has a special definition which Propounding
24   Party does not provide in its Requests for Admissions. Further,
     discovery is continuing, there have not been full document
25   productions and depositions have not been taken.

26   Through meet and confer Propounding Party has defined the
     DRUM to be the container that held the refrigerator oil which is at
27   issue in this case.

28

11

Without waiving the objections stated, Responding Party responds as follows: denied.

Tate Decl. Ex. A.

**Ruling:**

Pacific's motion to compel is DENIED.  In light of plaintiff's amended response explicitly denying the request for admission, the court will not deem the response admitted or order a further response.

### B.   Requests for Admissions Numbers 6 & 16

Pacific argues that request numbers six and sixteen were denied by plaintiff, but that plaintiff's corresponding interrogatory responses indicate plaintiff "cannot truthfully deny" the requests.  ECF No. 69 at 19–20.  Pacific accordingly contends that plaintiff "failed to make any inquiry into the truth of the matter."  Id. at 20.  Pacific argues that the court should find plaintiff's responses to request numbers 6 and 16 "insufficient, and compel [p]laintiff to inquire into all available facts, including its own records, records available from SST or Clean Harbors, and records available from public entities that responded to or investigated the trailer fire, and amend its response to the Interrogatories accordingly."  Id.

#### 1.   Request For Admission No. 6

**Request:**  Admit that the lithium batteries on the TRAILER were not properly packed to prevent battery terminals from coming into contact.

**Response:**   Objection: vague and ambiguous as to the terms "properly," "packed," and "contact," and "contact" with what and which specific batteries or battery terminals; exceeds the scope of discovery and seeks an admission that is not relevant to a claim or defense of any party and not relevant to the subject matter involved in the action. Further, discovery is continuing, there have not been full document productions and depositions have not been taken.

Without waiving the objections stated, Responding Party responds as follows: denied.

Johnson Decl. Ex. C.

**Amended Response:**  Objection: vague and ambiguous as to the terms "properly," "packed," and "contact," and "contact" with what and which specific batteries or battery terminals; exceeds the scope

12

of discovery and seeks an admission that is not relevant to a claim or defense of any party and not relevant to the subject matter involved in the action. Further, discovery is continuing, there have not been full document productions and depositions have not been taken.

Without waiving the objections stated, Responding Party responds as follows: Responding Party is not aware of any battery terminals coming into contact, however, after having made a reasonable inquiry the information that Responding Party currently knows or can readily obtain is insufficient to enable Responding Party to admit or deny this request, and accordingly on that basis Responding Party does not admit or deny this request.

Tate Decl. Ex. A.

**Ruling:**

Pacific's motion to compel is GRANTED.  While plaintiff amended its responses to explain it cannot admit or deny this request "after having made a reasonable inquiry," plaintiff fails to set forth in detail the nature of the "reasonable inquiry" it made to amend its response to request number 6.  Asea, 669 F.2d at 1246.  Accordingly, plaintiff shall respond by either admitting or denying request number 6 or stating in detail the nature of the "reasonable inquiry" it made.

**2.      Request For Admission No. 16**

**Request:**    Admit that SST left the TRAILER at the ELDER CREEK YARD unattended from June 29, 2011, to the date of the INCIDENT.

**Response:**    Objection: vague and ambiguous as to the term "unattended." Further, discovery is continuing, there have not been full document productions and depositions have not been taken.

Without waiving the objections stated, Responding Party responds as follows: denied.

Johnson Decl. Ex. C.

**Amended Response:**  Objection: vague and ambiguous as to the term "unattended." Further, discovery is continuing, there have not been full document productions and depositions have not been taken.

Tate Decl. Ex. A.

////

13

1    **Ruling:**

2        Pacific's motion to compel is GRANTED.  Plaintiff's amended response to request

3    number 16 that discovery is continuing is insufficient.  To the extent plaintiff cannot truthfully

4    admit or deny the request, plaintiff must "state in detail why [it] cannot truthfully admit or deny

5    it."  Fed. R. Civ. P. 36(a)(3).  Plaintiff makes no specific showing why it cannot truthfully admit

6    or deny the request other than its conclusory statement that "discovery is continuing" and "there

7    have not been full document productions and depositions have not been taken."  Accordingly,

8    plaintiff shall respond by either admitting or denying request number 16 or stating in detail why it

9    cannot truthfully admit or deny it.

10        **C.    Interrogatory Numbers 1–4 and 17**

11        Pacific argues the court should compel plaintiff to answer interrogatory numbers 1–4 and

12    17 "by identifying the specific records supporting its claims."  ECF No. 69 at 21.  Pacific argues

13    that, with regard to these interrogatory responses, plaintiff denied each of the corresponding

14    requests for admissions but "offered no facts in support of its denials."  Id.  Instead, Pacific

15    argues plaintiff only stated it already produced the documents in discovery without specifically

16    identifying the responsive documents.  Id.  Pacific claims "[d]uring the meet and confer on the

17    [m]otion, [p]laintiff continued to refuse to identify the documents, instead offering only to specify

18    categories of records from which the answers could be derived . . . ."  Id. at 22.  This approach,

19    Pacific argues, "fails to satisfy [p]laintiff's obligations under [Rule 33 of the Federal Rules of

20    Civil Procedure], which requires the response to identify the documents 'as readily as the

21    responding party could.'"  Id. (quoting Fed. R. Civ. P. 33(d)(1)).

22        Plaintiff opposes Pacific's motion, arguing it has already served amended responses that

23    specify the records.  ECF No. 69 at 38–46.

24        During the hearing on Pacific's motion to compel, the court asked Pacific's counsel why

25    the motion as to interrogatory numbers 1–4 and 17 should not be denied as moot in light of

26    plaintiff's amended responses, which specifically identify responsive documents.  Pacific argued

27    against a finding of mootness because some of the responses identify more than 11,500 pages of

28    documents or, in the case of interrogatory number 17, refer Pacific to all pleadings and records.

1    A party may answer an interrogatory by specifying records from which the answer may be

2    obtained and by making the records available for inspection.  Fed. R. Civ. P. 33(d)(2).  However,

3    the records must be specified "in sufficient detail to enable the interrogating party to locate and

4    identify them as readily as the responding party could."  Fed. R. Civ. P. 33(d)(1).  Responses to

5    interrogatories that fail to specify where in the records answers can be found do not comply with

6    Rule 33(d)(1).  Rule 33 was amended in 1980 "to make clear that a responding party has the duty

7    to specify, by category and location, the records from which the answers to the interrogatories can

8    be derived."  Rainbow Pioneer No. 44-18-04A v. Haw.-Nev. Inv. Corp., 711 F.2d 902, 906 (9th

9    Cir. 1983).

10    A citation to thousands of pages of documents is an insufficient response to

11    interrogatories.  See Englund, 235 F.R.D. at 682; see also Walt Disney Co. v. DeFabiis, 168

12    F.R.D. 281, 284 (C.D. Cal. 1996) (specification of records must be in sufficient detail to allow

13    party to locate and identify documents from which the interrogatory answer may be ascertained,

14    as readily as the party served); Cambridge Electronics Corp. v. MGA Electronics, Inc., 227

15    F.R.C. 313, 323 (C.D. Cal. 2004) ("'[A party] must identify in their answers to the interrogatories

16    *specifically which documents contain the answer*.  Otherwise they must completely answer the

17    interrogatories without referring to the documents.'" (quoting Pulsecard, Inc. v. Discovery Card

18    Servs., 168 F.R.D. 295, 305 (D. Kan. 1996))).

19    Here, notwithstanding the parties' failure to reproduce in full each specific request in the

20    joint statement, *see* L.R. 251(c), the court has reviewed plaintiff's amended responses to

21    interrogatory numbers 1–4 and 17.  See Tate Decl. Ex. B.

22    With regard to plaintiff's amended responses to interrogatory numbers 1 and 2, Pacific

23    acknowledged at the hearing that plaintiff provided a list of documents.  Upon review, the court

24    has determined that plaintiff listed approximately 67 and 72 pages of documents in response to

25    these two interrogatories, respectively.  Id.  The number of pages provided is a sufficient

26    response.  Accordingly, Pacific's motion to compel responses to interrogatory numbers 1 and 2 is

27    DENIED.

28    With regard to plaintiff's amended responses to interrogatory numbers 3 and 4, as noted

15

1  by Pacific during the hearing, plaintiff references more than 11,500 pages in its response.  Tate

2  Decl. Ex. B.  Further, while plaintiff only identifies approximately 72 pages in its response to

3  interrogatory number 17, it also references "all pleadings, records and documents in this case" as

4  responsive to Pacific's interrogatory.  Id.  Plaintiff's citation to more than 11,500 pages of

5  documents or generally to the entire case records fails to satisfy the specificity requirements of

6  Rule 33.  Accordingly, Pacific's motion to compel responses to interrogatory numbers 3, 4 and 17

7  is GRANTED.  Plaintiff shall supplement its responses and specify with sufficient detail where in

8  the records each answer may be obtained.

9          **D.      Interrogatory Numbers 7–15**

10          Finally, Pacific argues that if the court does not deem request numbers 7–15 admitted, it

11  should compel plaintiff to serve detailed and complete responses to the corresponding

12  interrogatories.  ECF No. 69 at 22–23.

13          Pacific's arguments here completely fail to comply with Local Rule 251(c).  None of the

14  interrogatories are reproduced in the joint statement, and Pacific's arguments are vague and

15  conclusory.  The court will not undertake an examination of each interrogatory and glean from

16  the joint statement Pacific's arguments in support of a motion to compel responses to these

17  interrogatories.  See, e.g., U.S. v. Molen, No. 8:10–CV–708–T–TGW, 2011 WL 1810499, at *8

18  (E.D. Cal. May 9, 2011) (where a party fails to comply with Local Rule 251, discovery motions

19  are denied without prejudice for re-filing).

20          Pacific's motion to compel responses to interrogatories numbers 7–15 is therefore

21  DENIED.

22  **IV.      CONCLUSION**

23          For the reasons set forth above, Pacific's motion to compel is GRANTED IN PART and

24  DENIED IN PART.

25          IT IS SO ORDERED.

26  DATED: September 16, 2014

27                                                                                    ALLISON CLAIRE
                                                                                      UNITED STATES MAGISTRATE JUDGE

28