UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY, | No.  2:13-cv-01378-WBS-AC |
| Plaintiff, | |
| v. | ORDER |
| OAHU AIR CONDITIONING SERVICE, INC. dba OAHU AIR CONDITIONING CO., et al., | |
| Defendants. | |

On September 17, 2014, the undersigned issued an order granting in part and denying in part defendant Pacific Commercial Services, LLC's ("Pacific") motion to compel.  ECF No. 79. On September 24, 2014, Pacific filed a motion for reconsideration and clarification of the court's order.  ECF No. 80.  On September 26, 2014, plaintiff Carolina Casualty Insurance Company ("CCIC") filed an opposition to Pacific's motion.  ECF No. 81.  The court has reviewed Pacific's motion and, for the reasons set forth below, now GRANTS IN PART AND DENIES IN PART the motion.

LEGAL STANDARDS

Generally stated, reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice.  See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,

1   5 F.3d 1255, 1263 (9th Cir. 1993).

2          In the absence of new evidence or a change in the law, a party may not use a motion for

3   reconsideration to raise arguments or present new evidence for the first time when it could

4   reasonably have been raised earlier in the litigation.  Carroll v. Nakatani, 342 F.3d 934, 945 (9th

5   Cir. 2003); see also Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  Motions

6   to reconsider are also "not vehicles permitting the unsuccessful party to 'rehash' arguments

7   previously presented."  United States v. Navarro, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), rev'd

8   on other grounds, 160 F.3d 1254 (9th Cir. 1998).  Ultimately, a party seeking reconsideration

9   must show "more than a disagreement with the Court's decision, and recapitulation of the cases

10  and arguments considered by the court before rendering its original decision fails to carry the

11  moving party's burden."  United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131

12  (E.D. Cal. 2001).

13                                          ANALYSIS

14          In the instant motion, Pacific seeks the following relief: (1) reconsideration of the court's

15  denial of Pacific's motion to compel responses to interrogatory numbers 7–15; (2) clarification of

16  the court's order compelling CCIC to serve amended responses to certain requests for admissions

17  and interrogatories; and (3) clarification to the extent the court's order does not address whether

18  Pacific is entitled to monetary sanctions.  ECF No. 80 at 2.  Each issue is addressed in turn below.

19          A.       Interrogatory Nos. 7–15

20          In its September 17, 2014 order on Pacific's motion to compel, the court granted, *inter*

21  *alia*, Pacific's motion as to request for admission numbers 7, 8, 11, 12 and 13.  ECF No. 79 at 5–

22  14.  The court denied Pacific's motion to compel responses to interrogatory numbers 7–15 on the

23  grounds that Pacific failed to reproduce the interrogatories and Pacific's arguments were vague

24  and conclusory.  Id. at 16.

25          Pacific seeks reconsideration of the court's order denying its request to compel detailed

26  and complete responses to interrogatory numbers 7–15, arguing in part that it was excusable

27  neglect to present the objected-to responses in a summary chart format.  ECF No. 80 at 5.  Pacific

28  points out correctly that it reproduced the interrogatories in the joint statement, see ECF No. 69 at

                                                2

1  10, and argues that the court erred in denying its motion to compel on this ground.  However,

2  while the interrogatories are in fact reproduced in the joint statement, Pacific's arguments that the

3  court should compel responses remain vague and conclusory.  Local Rule 251 provides in part

4  that the joint statement shall specify with particularity "[t]he contentions of each party as to each

5  contested issue, including a memorandum of each party's respective arguments concerning the

6  issues in dispute and the legal authorities in support thereof."  L.R. 251(c)(3).  In the joint

7  statement, Pacific argued as follows regarding interrogatory numbers 7–15:

> Furthermore, the Court should compel Plaintiff to serve amended responses to the corresponding Interrogatories, which Plaintiff likewise failed to answer.  Those responses should be complete and detailed, and specify all facts that support Plaintiff's contentions. To the extent Plaintiff chooses to identify business records under FRCP 33(d), it must identify the specific documents in which the facts are to be found.

12  ECF No. 69 at 22–23.  Pacific failed to set forth with particularity any argument or legal authority

13  in support of its request to compel further responses to interrogatory numbers 7–15.  Indeed,

14  Pacific failed to provide the amended responses submitted by CCIC in the joint statement, which

15  would have enabled the court to make a more informed decision regarding the reasonableness of

16  CCIC's responses.  See Tate Decl. Ex. B, ECF No. 71.  While Pacific pointed out in the instant

17  motion that CCIC's amended response to, for example, interrogatory number 9 identifies over

18  11,500 pages of documents, ECF No. 80 at 6, this interrogatory-specific argument was not

19  sufficiently articulated in the joint statement as required by the Local Rules.  While Pacific

20  addressed some of the individual interrogatories in the joint statement, Pacific did not meet its

21  burden of informing the court, for each disputed response to interrogatory numbers 7–15, why

22  CCIC's responses were not justified.  As the court stated in its order, "[t]he court will not

23  undertake an examination of each interrogatory and glean from the joint statement Pacific's

24  arguments in support of a motion to compel responses to these interrogatories."  ECF No. 79 at

25  16.  Accordingly, Pacific's motion for reconsideration of the court's order regarding interrogatory

26  numbers 7–15 is DENIED.

27  ////

28  ////

3

1       B.    <u>Deadline for CCIC to Serve Amended Responses</u>

2       Next, Pacific requests clarification regarding CCIC's deadline for serving amended

3   responses.  Pacific's request is GRANTED.  To the extent CCIC has not responded, CCIC will be

4   ordered to serve amended responses within fourteen days from the date of this order.

5       C.    <u>Request for Costs for Filing the Motion</u>

6       Finally, Pacific seeks clarification regarding whether it is entitled to its costs for bringing

7   the motion to compel under Federal Rule of Civil Procedure 37.  ECF No. 80 at 7.

8       On August 15, 2014, Pacific filed its motion to compel under Federal Rules of Civil

9   Procedure 36(a)(6) and 37(a).  ECF No. 68.  The parties filed a joint statement on September 3,

10  2014 setting forth their contentions regarding their discovery dispute.  ECF No. 69.  Pacific also

11  submitted a proposed order via e-mail to the court.  The proposed order included the following

12  paragraph:  "Pursuant to Fed. R. Civ. P. 37(a)(5), PCS shall be awarded its costs in making the

13  Motion."  Pacific did not present any information in the joint statement regarding monetary

14  sanctions, including the amount of fees, the number of hours expended on the motion or Pacific's

15  counsel's hourly rate.  CCIC made the following argument regarding costs in the joint statement:

16          In its proposed order PCS requests an award of costs pursuant to
        FRCP 37(a)(5).  PCS doesn't disclose the costs requested or

17          attempt to justify whatever those costs might be.  This entire motion
        by PCS was premature and unnecessary, and the primary order that

18          PCS seeks, that the Court order objections and denials of requests
        for admissions be deemed admissions, isn't legally or factually

19          supported.  PCS had determined to bring the motion prior to the
        telephone meet and confer.  Tate Decl.  While the telephone

20          conference was fairly long, it was only long because counsel for
        CCIC truly wanted to meet and confer, whereas counsel for PCS

21          quickly after 10-15 minutes inquired whether there was agreement
        that the meet and confer had been satisfied.  Counsel for CCIC

22          responded no, that there was a lot more to meet and confer about.
        Tate Decl.

23

24  ECF No. 69 at 46.

25      While Pacific did not provide an affidavit supporting a request for a fee award with the

26  joint statement, it provided one with the instant motion for reconsideration.  Pacific estimates that

27  it expended approximately $7,000 in bringing its motion to compel.  Johnson Decl. ¶ 4, ECF No.

28  80 at 10.  CCIC opposes Pacific's request for clarification, arguing that the court discussed costs

1  and Pacific did not meet and confer in good faith.  ECF No. 81 at 2.  Pacific is correct in that the

2  court did not address whether fees would be awarded in its order on Pacific's motion to compel.

3  Accordingly, Pacific's request for clarification is GRANTED.

4       Federal Rule of Civil Procedure 37(a)(5) provides that if the court grants a motion to

5  compel discovery, it "must" order the non-moving party to pay the moving party's "reasonable

6  expenses incurred in making the motion."  Fed. R. Civ. P. 37(a)(5)(A).  However, the Rule

7  recognizes a number of exceptions, such as where a motion to compel "is granted in part and

8  denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable

9  expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).  Accordingly, the determination of the

10  propriety of awarding attorneys' fees is within the discretion of the court.  The Local Rules are

11  not explicit with regard to when a motion for an award of fees under Rule 37 must be brought.

12       Here, Pacific argues that the court should clarify whether it is entitled to costs for bringing

13  its motion to compel, which was granted in part and denied in part.  Pacific's counsel estimates

14  his firm expended approximately $7,000 in fees and expenses based upon 37 hours of work at

15  $175 per hour plus expenses of approximately $500.  Johnson Decl. ¶ 4.  Pacific's counsel states

16  that its "formal request for fees will be based on actual invoices sent to the client for payment."

17  Id.  Pacific further argues that "considering that of the 17 Requests at issue, the Court granted

18  relief as to 10 (i.e., ~59%), [Pacific] is willing to accept an award of 50% of its costs."  ECF No.

19  80 at 8.  In light of the court's order granting in part and denying in part Pacific's motion to

20  compel, the court is inclined to apportion Pacific's reasonable expenses for the motion after

21  giving CCIC an opportunity to be heard.[1]  Fed. R. Civ. P. 37(a)(5)(A).  Pacific shall have seven

22  days from the date of this order to file a letter brief in support of its request for expenses, not to

23  exceed four pages.  Within seven days thereafter, CCIC may file a reply letter brief, not to exceed

---

[1]  While CCIC has on two separate occasions addressed Pacific's request for fees, the court finds it has not been afforded a meaningful opportunity to respond.  First, when CCIC opposed Pacific's fee request in the joint statement, Pacific had not yet articulated or itemized the amount of fees sought.  Second, CCIC's opposition to the instant motion for reconsideration is based on Pacific's request for clarification, which states Pacific will file a "formal request for fees."  Johnson Decl. ¶ 4.  Pacific's request suggests that it is merely seeking permission from the court to file a subsequent "formal" request for expenses incurred in connection with the motion to compel.  For these reasons, the court will provide CCIC an additional opportunity to be heard on the matter of Pacific's request for expenses.

four pages.  The request for expenses will thereafter stand submitted.

CONCLUSION

For these reasons, IT IS HEREBY ORDERED that:

1.      Pacific's motion for reconsideration, ECF No. 80, is GRANTED IN PART AND DENIED IN PART as set forth in this order;

2.      To the extent CCIC has not served amended responses as ordered by the court on September 17, 2014, CCIC is ordered to serve amended responses within fourteen days from the date of this order; and

3.      Pacific shall have seven days from the date of this order to file a letter brief in support of its request for expenses incurred in connection with the motion to compel, not to exceed four pages.  Within seven days thereafter, CCIC may file a reply letter brief, not to exceed four pages.

DATED:  December 12, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6