UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>OAHU AIR CONDITIONING SERVICE, INC. dba OAHU AIR CONDITIONING CO., et al.,<br><br>Defendants. | No. 2:13-cv-01378-WBS-AC<br><br><br>ORDER |

    Pending before the court are cross-motions to compel: (1) plaintiff's Amended Motion To Compel defendant Pacific Commercial Services LLC ("PCS") to produce documents requested in plaintiff's October 9, 2014 request for production ("RFD"); and (2) defendant PCS's Motion to Compel plaintiff to produce documents requested in PCS's March 24, 2014 first RFD, and its April 10, 2014 second RFD (ECF No. 94).

## I. PLAINTIFF'S MOTION TO COMPEL

    On January 21, 2015, plaintiff filed a statement of discovery dispute pursuant to E.D. Cal. R. 251(d), setting forth its position on why it was unable to file the signed Joint Statement regarding its own motion to compel. ECF No. 100. Plaintiff also filed its separate Statement regarding the dispute, and a "Local Rule 251(d) Declaration" of David W. Tate. ECF Nos. 100 & 103. Defendant filed a "Declaration of Christopher T. Johnson in Opposition to Plaintiff's

1

Motion To Compel." ECF No. 98. Although this declaration is not labeled as such, the court interprets it to be the defendant's Local R. 251(d) declaration.

Plaintiff asserts that on Friday, January 16, 2015 at 11:30 a.m., its counsel, David W. Tate, emailed its draft joint statement to counsel for defendant PCS, Christopher T. Johnson. Tate Decl. (ECF No. 103) ¶ 2 & Exh. N at 40. The draft was in "Word" format, and Tate asked Johnson to "input PCS' arguments and return the same to us in word format." Tate Decl., Exh. N at 40.

On Saturday, January 17, 2015, Johnson notified Tate that plaintiff's Joint Statement was "egregiously wrong" in that it accused defendant of non-production of certain documents, whereas the documents had in fact been produced. Tate Decl. ¶ 2 & Exh. N at 43. Tate responded that he would "take a look." Tate Decl. ¶ 2 & Exh. N at 43.

On the morning of January 21, 2015, Johnson emailed a signed <u>PDF</u> version of plaintiff's Joint Statement, with defendant PCS's portions inserted. Tate Decl. ¶ 2 & Exh. N at 48. Tate did not sign and file the document, however. Instead, he asked Johnson to send the completed draft Joint Statement in <u>Word</u> format so that he, Tate, could make several changes to plaintiff's section, including a clarification of its original statement regarding the non-production of certain documents, before filing it with the court. Tate Decl. ¶ 2 & Exh. N at 47. Johnson, referring to Tate's proposal as "inappropriate and sanctionable," refused to send plaintiff a Word document that referred to assertions that plaintiff was planning to change before filing with the court. Tate Decl. Exh. N at 47.

At this point, a bit after noon on Wednesday, January 21, 2015, this matter could easily and inexpensively have been resolved. Perhaps Johnson is correct that Tate should not have insisted that Johnson send him a Word version of a document which Tate planned to change before filing with the court. However, Johnson had only to ask that Tate send the modified version, so that Johnson could make his insertions to that document, thus solving the problem. And, Tate had only to offer – on his own, without a request from Johnson – to send the modified version. Neither side took this simple road, and instead filed a flurry of documents fighting over this issue, at needless expense to their respective clients. Because the solution to this problem is

so simple, the court will simply order the parties to do it, rather than attempt to wade through separate documents in support of and in opposition to plaintiff's motion to compel.

## II. DEFENDANT'S MOTION TO COMPEL

On January 21, 2015, the parties filed a Joint Statement regarding defendant's Motion To Compel, in advance of the January 28, 2015 hearing on the motion. ECF No. 96. The Joint Statement identifies Document Requests 2, 3, 10, 13 and 23, as being at issue in defendant's motion.

The same day, the parties filed declarations in support of and in opposition to, defendant PCS's motion to compel. ECF Nos. 97 ("Declaration of Christopher T. Johnson," apparently in support), 99 ("Declaration of David W. Tate in Opposition") & 102 ("Declaration of Brian Finn in Opposition"). None of these declarations is authorized under E.D. Cal. R. ("Local R.") 251, and all will be stricken from the docket and disregarded.

Since it makes sense to hear both cross-motions at the same time, defendant's motion will be vacated so that it can be re-noticed for the same date as plaintiff's renewed motion. The parties are free to amend the Joint Statement, if they wish, so that it includes material currently in the separately filed declarations.

## III. CONCLUSION

For the reasons set forth above IT IS HEREBY ORDERED THAT:

1. The Clerk of the Court shall STRIKE ECF Nos. 97, 99 and 102 from the docket.

2. Defendant's motion to compel (ECF No. 94), is DENIED without prejudice to its renewal in proper form. Defendant shall provide plaintiff with its "final" draft Joint Statement so that plaintiff can insert its own provisions to a document that will not otherwise be altered prior to filing with the court.

3. The hearing on plaintiff's motion to compel (ECF No. 93), is VACATED, so that it can be re-noticed for the same date as defendant's renewed motion.

DATED: January 23, 2015

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE