UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CAROLINA CASUALTY INSURANCE COMPANY,

Plaintiff,

v.

OAHU AIR CONDITIONING SERVICE, INC. dba OAHU AIR CONDITIONING CO., PACIFIC COMMERICAL SERVICES, LLC., MATSON NAVIGATION COMPANY, INC., and DOES 1 through 100,

Defendants,

AND RELATED ACTIONS.

CIV. NO. 2:13-01378 WBS AC

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

----oo0oo----

Third-party defendant Smith Systems Transportation ("Smith") filed a Third-Party Complaint in this action against TestAmerica Laboratories, Inc. ("TestAmerica"),[1] Oahu Air Conditioning Service, Inc. ("OAC"), Pacific Commercial Services,

[1] TestAmerica Laboratories Inc. was incorrectly sued as "Test America Laboratories, Inc." and will be referred to as TestAmerica in this Order.

LLC ("PCS"), The Physicians Medical Group, Google Inc., and Nektar Therapeutics seeking contribution, declaratory relief, and equitable indemnity for expenses incurred by Smith in responding to the release of hazardous substances at Elder Creek Yard. (Docket No. 181.) Third-party defendant TestAmerica now moves to dismiss Smith's Third-Party Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 193.)

Claim 1: Contribution Pursuant to CERCLA Section 113(f)

"Two provisions of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA)--§§ 107(a) and 113(f)--allow private parties to recover expenses associated with cleaning up contaminated sites." United States v. Atl. Research Corp., 551 U.S. 128, 131 (2007) (citing 42 U.S.C. §§ 9607(a), 9613(f)). Under section 113(f) of CERCLA, "[a]ny person may seek contribution" for response costs "from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title." 42 U.S.C. § 9613(f)(1). Thus, section 113(f) permits suit before or after the establishment of common liability. "The court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." Id. Contribution is determined as a percentage of fault. Atl. Research, 551 U.S. at 138-39.

"[T]he only response costs recoverable from the defendant in the contribution action are those that were necessary and consistent with the" national contingency plan

("NCP"). AmeriPride Servs. Inc. v. Tex. E. Overseas Inc., 782 F.3d 474, 490 (9th Cir. 2015). The NCP "specifies procedures for preparing and responding to contaminations" and "is designed to make the party seeking response costs choose a cost-effective course of action to protect public health and the environment." City of Colton v. Am. Promotional Events, Inc., 614 F.3d 998, 1003 (9th Cir. 2010) (citation omitted). "Response costs are considered necessary when an actual and real threat to human health or the environment exist[s]" and "consistent with the NCP 'if the action, when evaluated as a whole, is in substantial compliance' with it." Id. (quoting 40 C.F.R. § 300.700(c)(3)(i)). Compliance with the NCP is thus an element of a prima facie case under CERCLA that must be pled in a party's complaint. See Coppola v. Smith, 935 F. Supp. 2d 993, 1007 (E.D. Cal. 2013) (finding plaintiff's complaint was adequately pled when plaintiff alleged the response costs were the result of contamination to its property by the defendants and were necessary and consistent with the NCP); Carson Harbor Vill., Ltd. v. Unocal Corp., 287 F. Supp. 2d 1118, 1153 (C.D. Cal. 2003) ("The Ninth Circuit has consistently stated that incurring response costs that are necessary *and* consistent with the NCP is an essential element of a private CERCLA action.").

In its claim for contribution under section 113(f), Smith has failed to plead that the cleanup costs it seeks to recover are consistent with the NCP, a necessary element of a CERCLA contribution claim. Smith alleges that "demand and notice of violation was made upon Smith Systems for cleanup and payment for the cleanup of the hazardous waste and damages that resulted

from the" fire. (Smith's Third-Party Compl. ("Smith Compl.") ¶ 30.) It alleges that it "has incurred response costs because of the fire and explosion." (Id. ¶ 31.) However, nowhere does Smith allege that its response costs were necessary or consistent with the NCP.

Carolina Casualty's FAC, which is incorporated by reference, alleges that it "has paid for the response to the fire and for the hazardous waste clean-up in excess of $75,000.00" but also does not allege NCP compliance. (Carolina Casualty FAC ¶ 23.) Smith and Carolina Casualty do not contest this shortcoming in their opposition to the motion to dismiss. (Smith Opp'n at 3 (Docket No. 204).) Instead, the parties request leave of the court to amend their complaints "based on . . . the issues raised in Test America Laboratories, Inc.'s motion to dismiss . . . including the absence of allegations regarding CCIC's and Smith System's compliance with the National Contingency Plan." (Id.) Accordingly, the court will grant TestAmerica's motion to dismiss Smith's section 113(f) claim.

Claim 2: Declaratory Relief under CERCLA Section 113(f)

CERCLA section 113(g)(2) also contains a provision for declaratory relief: "In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages." 42 U.S.C. § 9613(g)(2). "Therefore, if a plaintiff successfully establishes liability for the response costs sought in the initial cost-recovery action, it is entitled to declaratory judgment on present liability that will be binding

on future cost-recovery actions." Am. Promotional Events, Inc., 614 F.3d at 1007. "[D]eclaratory relief is available only if liability for past costs has been established." Id. at 1008.

Given that Smith did not sufficiently plead NCP compliance in its section 113(f) claim for contribution for past costs, TestAmerica's motion to dismiss Smith's claim for declaratory relief on the same grounds must also be granted.

Claim 3: Contribution or Indemnity under the Hazardous Substance Account Act

In its third claim, Smith alleges it is entitled to contribution or indemnity pursuant to the Hazardous Substance Account Act ("HSAA"). Under HSAA, "[a]ny person who has incurred removal or remedial action costs in accordance with this chapter or the federal act may seek contribution or indemnity from any person who is liable pursuant to this chapter." Cal. Health & Safety Code § 2563(e). "HSAA is interpreted consistent with CERCLA." United Alloys, Inc. v. Baker, 797 F. Supp. 2d 974, 1004 (C.D. Cal. 2011). HSAA "expressly incorporates the liability standards and defenses set forth in CERCLA and creates liability for the same classes of persons." Id. at 1004-05. Any response actions taken and costs incurred must "be based upon, and no less stringent than" the requirements of the NCP. Cal. Health & Safety Code § 25356.1.5(a)(1); see also Chubb Custom Ins. Co. v. Space Sys./Loral Inc., Civ. No. 09-4485 JF PVT, 2010 WL 689940, at *9 (N.D. Cal. Feb. 23, 2010). "HSAA incorporates the NCP standard by reference." Fireman's Fund Ins. Co. v. City of Lodi, 302 F.3d 928, 949 (9th Cir. 2002).

As discussed above, Smith failed to allege NCP

compliance and, as a result, its HSAA claim must also fail. Accordingly, the court must dismiss Smith's HSAA claim.[2]

Claim 4: Equitable Indemnification and Contribution under State Law

In its fourth claim, Smith alleges it is entitled to indemnification and contribution from TestAmerica and the other third-party defendants under state law. Smith agreed at the hearing to dismiss this claim if it is given leave to amend its first three claims. Accordingly, the court need not address TestAmerica's motion to dismiss Smith's fourth claim.

Leave to Amend

Carolina Casualty joined in Smith's opposition to TestAmerica's motion to dismiss. (Smith Opp'n.) While TestAmerica's motion to dismiss relates only to Smith's Third-Party Complaint, Smith's Third-Party Complaint incorporates by reference Carolina Casualty's Complaint and both parties are represented by the same law firm. (Smith Compl. ¶ 4.)

In their joint opposition, both Smith and Carolina Casualty request leave of the court to amend their complaints based on newly discovered evidence regarding OAC and PCS's responsibility for overfilling the waste refrigerant drum and the

[2] TestAmerica argues that Smith's HSAA claim must be dismissed because Smith "failed to sufficiently allege TestAmerica's status as a [potentially responsible party] with regard to a released hazardous substance." (TestAmerica Mot. to Dismiss at 13.) TestAmerica contends that because not all of the substances identified on the trailer are CERCLA hazardous substances, the Complaint does not sufficiently allege that each of the third-party defendants is responsible for each of the substances. (Id. at 12.) The court need not address this argument given that the claim must be dismissed for failure to allege NCP compliance.

issues raised by TestAmerica regarding NCP compliance. (Smith Opp'n at 3.) The parties contend that their depositions of OAC and PCS corporate representatives confirmed that "the Sacramento Fire Department was right. Oahu overfilled the Drum with PCS's consent," causing over-pressurization and an explosion. (Smith Opp'n at 3.) The depositions and OAC's written records allegedly reveal that OAC poured 54.125 gallons of refrigeration oil into the drum, or 98.4% of its capacity, and PCS did not inspect the volume of liquid because it believed the temperatures it would encounter in California were irrelevant to its safe transport. (Id.)

"[I]n dismissals for failure to state a claim, a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990). Accordingly, the court grants Smith leave to amend its first three claims.

With respect to Carolina Casualty, this court issued a scheduling order in Carolina Casualty's case against the original defendants on April 3, 2014. (Docket No. 47.) The scheduling order provided that no further amendments to pleadings would be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Given the new evidence discovered during depositions and the related flaws in Smith and Carolina Casualty's complaints, the court finds good cause and also grants Carolina Casualty leave to

amend.

IT IS THEREFORE ORDERED that TestAmerica's motion to dismiss Smith's Complaint (Docket No. 181) be, and the same hereby is, GRANTED.

Smith has thirty days from the date this Order is signed to file a First Amended Third-Party Complaint, if it can do so consistent with this Order. Carolina Casualty has thirty days from the date this Order is signed to file a Second Amended Complaint, if it can do so consistent with this Order.

Dated: December 15, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE